United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40908
Summary Calendar

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

BRIAN MCCUISTON,

        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CR-676-2
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Brian McCuiston challenges his conviction for conspiracy

to possess with intent to distribute more than 500 grams of

methamphetamine.  The indictment alleged that the conspiracy

began on January 1, 1993, and continued until the time of the

indictment, November 23, 2004.  McCuiston argues that a fatal

variance existed between the indictment, which alleged a single

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy, and the proof at trial, which purportedly established multiple conspiracies. Viewed in the light most favorable to the Government, McCuiston and his coconspirators became friends in childhood when they began selling small amounts of methamphetamine under the supervision of others in the CC Mob. When the CC Mob collapsed the three friends banded together and moved to Oregon and then Kansas to escape law enforcement and to continue to sell methamphetamine. As time went on the three continued their concerted methamphetamine distributing to the point where they operated in different cities. This view of the evidence would not preclude a finding of a single conspiracy beyond a reasonable doubt. United States v. Morrow, 177 F.3d 272, 291 (5th Cir. 1999); United States v. DeVarona, 872 F.2d 114, 118 (5th Cir. 1989).

McCuiston argues, based on his assertion that there were multiple conspiracies, that the district court did not have jurisdiction over a prosecution for his acts as a juvenile. McCuiston concedes that if that the Government did prove a single conspiracy, his argument is defeated by United States v. Tolliver, 61 F.3d 1189, 1196 (5th Cir. 1995), vacated and remanded on other grounds, 516 U.S. 1105 (1996)(remanded for further consideration in light of Bailey v. United States, 516 U.S. 137 (1995))

McCuiston argues that the district court should have instructed the jury that they could not consider those acts when determining guilt. McCuiston concedes that he did not raise this issue in the district court and that it may be reviewed only for plain error. As McCuiston also concedes that the circuits are split on whether a jury may consider juvenile conduct when assessing guilt for a conspiracy that was ratified after the age of majority, it is not plain that a failure to instruct the jury as now suggested by McCuiston is error. See United States v. Olano, 507 U.S. 725, 731-37 (1993).

McCuiston argues that the district court erred by allowing testimony regarding his gang, CC Mob, affiliation. He argues that the gang evidence was extrinsic to his offense and that the evidence should have been excluded under FED. R. EVID. 404(b), as it was irrelevant to any issue other than character and its prejudicial impact substantially outweighed any probative nature. This court reviews the district court's admission of testimony for an abuse of discretion. United States v. Clements, 73 F.3d 1330, 1334 (5th Cir. 1996). "Evidence that is inextricably intertwined with the evidence used to prove a crime charged is not extrinsic evidence under Rule 404(b). Such evidence is considered intrinsic and is admissible so that the jury may evaluate all the circumstances

under which the defendant acted." United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992)(citation and quotation omitted). That McCuiston and his coconspirators were all initiated into the business of selling methamphetamine and other drugs at ages as early as 12 as part of the CC Mob is part of the relationship formed between these three men and would help the jury to determine the nature of that bond. The evidence was intrinsic to showing that McCuiston, Daniel, and Mott were involved in the same conspiracy that spanned so many years and endured under changing conditions. United States v. Stovall, 825 F.2d 817, 825 (5th Cir.), amended, 833 F.2d 526 (1987). Additionally, the district court gave the jury a limiting instruction regarding the gang evidence. The jury was instructed that it could not consider the gang evidence as evidence of guilt generally and could consider it only to determine whether McCuiston participated in the conspiracy. Jurors are presumed to follow their instructions. United States v. Wyly, 193 F.3d 289, 299 (5th Cir. 1999). McCuiston has not shown that the district court abused its discretion in admitting the evidence and instructing the jury on how to use it.

McCuiston argues that the district court erred by using more than 500 grams of methamphetamine, the amount charged in

the indictment, to calculate his base offense level. After Booker, the court continues to review the district court's interpretation and application of the Guidelines de novo and its factual determinations for clear error. United States v. Charon, 442 F.3d 881, 887 (5th Cir. 2006). The district court's determination of the amount of methamphetamine relevant to the conspiracy was based on facts contained in the presentence report (PSR). On appeal, McCuiston does not assert that the information in the PSR was materially untrue, inaccurate, or unreliable. United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

McCuiston argues that the district court somehow erred in sentencing him because the court "did not feel able to treat the Guidelines as truly advisory." In this case, the district court noted that consideration of the factors in 18 U.S.C. § 3553 had persuaded the court to impose a sentence that was 44 months below the bottom of the applicable range. Contrary to McCuiston's argument, it is plain from the record that the district court was aware that the Guidelines were advisory after Booker. The Government has not appealed the sentence and McCuiston has not shown that the sentence imposed by the district court was unreasonable. United States v. Mares, 402

F.3d 511, 519 (5th Cir. 2005), cert. denied, 126 S. Ct. 43 (2005).

AFFIRMED.